IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARISSLA MACKEY, as Independent )
Administrator for the Estate of TIGE )
COTTRELL MACKEY, deceased. )
)
)
v. ) No.
)
FAISAL AHMED, MD, )
KIMBERLY SCHNEIDER, PA-C, )
PAUL KELLY, RN, BETTY ULMER, RN, )
ASHLEY KNEBEL, RN, and )
UNKNOWN PRISON OFFICIALS at the )
FEDERAL CORRECTIONAL INSTITUTION, )
GREENVILLE. )
)
Defendants. )

## COMPLAINT

Plaintiff Marissla Mackey, as Independent Administrator for the Estate of Tige Cottrell Mackey, Decedent, brings this action against Defendants Federal Correctional Institution, Greenville (FCI Greenville), Faisal Ahmed, MD, Kimberly Schneider, PA, Paul Kelly, RN, Betty Ulmer, RN, Ashley Knebel, RN, and Unknown Prison Officials at FCI Greenville, stating the following as her cause.

## INTRODUCTION

1. On May 28, 2019, Plaintiff's decedent, Tige Cottrell Mackey, died a few hours after arriving at the HSHS Family Hospital in Greenville, IL as a result of steroid-induced hyperglycemia along with undiagnosed steroid-induced diabetes mellitus (Type 2), resulting in fatal complications from diabetic ketoacidosis.

2.    Diabetic ketoacidosis is a PREVENTABLE complication of untreated diabetes mellitus (Type 2). However, left untreated, diabetic ketoacidosis can be fatal, as it was for Mr. Mackey.

3.    Mr. Mackey's death was the result of the repeated failure of medical staff at FCI Greenville to follow basic and routine medical procedures to monitor, diagnose and treat the hypoglycemia and Diabetes Mellitus Type 2 Mr. Mackey developed from a course of steroid injections administered to him by FCI Greenville medical staff in the six-week period prior to his death.

4.    Prison guards and medical staff acted with deliberate indifference to Mr. Mackey's increasingly worsening condition during the final six weeks of his life.

5.    In multiple encounters with Mr. Mackey in the weeks prior to his death, prison medical staff failed to provide the basic and routine medical procedure of checking his glucose levels after he was given steroid injections, which caused Mr. Mackey's insulin levels to fall and his blood sugar to spike.

6.    Prison guards and prison medical staff ignored Mr. Mackey's cries for help from his cell, where for at least five days he was unable to move, and had been experiencing nausea, diarrhea, and an altered mental state—all signs that he was gravely ill.

7.    Steroid-induced hypoglycemia and diabetic ketoacidosis can be easily established under criteria established by the American Diabetes Association by use of basic and routine medical procedures, such as various methods for checking for elevated glucose levels.

8.    Had the defendants conducted these basic and routine medical procedures during his multiple trips to FCI Greenville's infirmary between April 10 and May 21, 2019, he would still be alive.

## JURISDICTION AND VENUE

9.    The jurisdiction of this Court is invoked pursuant to the 28 U.S.C. §§ 1331 and 1343, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, the Constitution of the United States, and supplemental jurisdiction, as provided under 28 U.S.C. § 1367(a).

10.    Venue is proper in the Southern District of Illinois, under 28 U.S.C. § 1391 because the acts and events giving rise to the complaint occurred in the Southern District of Illinois and because, upon information and belief, the Defendants reside here.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    Notice of Plaintiff's claim was given to the Federal Bureau of Prisons by letter sent by overnight delivery to the Bureau of Prisons North Central Regional Office dated May 27, 2021 and United States Department of Justice Standard Form 75, a copy of which is attached to this Complaint at Exhibit 1.

12.    Plaintiff's Notice was delivered to the Bureau of Prisons North Central Regional Office on May 28, 2019, and confirmed by Proof of Delivery, a copy of which is attached to this Complaint at Exhibit 2.

3

13. By letter dated August 11, 2021 from the Department of Justice, Federal Bureau of Prisons, Plaintiff's claim was denied. See copy of August 11, 2021 Final Denial of Claim attached at Exhibit 3.

## PARTIES

14. Plaintiff Marissla Mackey is currently a citizen of the United States and resident of Eastpointe, Michigan.

15. On May 24, 2021, Marissla Mackey was appointed Independent Administrator of the Estate of Tige Cottrell Mackey (referred to hereafter as "Mr. Mackey"). A copy of the Order of appointment of Marissla Mackey as Independent Administrator is attached to this Complaint at Exhibit 4.

16. The decedent Mr. Mackey was Marissla Mackey's father, and at all relevant times was an inmate at FCI Greenville.

17. Upon information and belief, Defendant Faisal Ahmed, MD, is and was at all times herein, a citizen of the United States, residing within the jurisdiction of this Court. At all relevant times, he was the medical doctor overseeing the care and treatment of Mr. Mackey at FCI Greenville, and an employee of FCI Greenville acting under color of federal law and within the scope of his employment for the United States. He is being sued in his individual capacity.

18. Defendant Kimberly Schneider, PA-C, is and was at all times herein, a citizen of the United States residing within the jurisdiction of this Court. At all relevant times, she was licensed and certified Nurse Practitioner and prison medical official who treated Mr. Mackey at FCI Greenville. At all times herein mentioned, she

4

was acting under color of federal law and within the scope of his employment for the United States. She is being sued in her individual capacity.

19. Defendant Paul Kelly, RN, is and was, at all times herein, a citizen of the United States residing within the jurisdiction of this Court. At all relevant times, he was a prison medical official who treated Mr. Mackey at FCI Greenville. At all times herein mentioned, he was acting under color of federal law and within the scope of his employment for the United States. He is being sued in his individual capacity.

20. Defendant Betty Ulmer, RN, is and was, at all times herein, a citizen of the United States residing within the jurisdiction of this Court. At all relevant times, she was a prison medical official who treated Mr. Mackey at FCI Greenville. At all times herein mentioned, she was acting under color of federal law and within the scope of her employment for the United States. She is being sued in her individual capacity.

21. Defendant Ashley Knebel, RN, is and was, at all times herein, a citizen of the United States residing within the jurisdiction of this Court. At all relevant times, she was a prison medical official who treated Mr. Mackey at FCI Greenville. At all times herein mentioned, she was acting under color of federal law and within the scope of her employment for the United States. She is being sued in her individual capacity.

22. Defendants UNKNOWN PRISON GUARDS, upon information and belief, are and were, at all times herein mentioned, citizens of the United States residing within the jurisdiction of this Court, acting as prison guards at FCI Greenville

under color of federal law and within the scope of their employment for the United States. They are being sued in their individual capacities.

## FACTS COMMON TO ALL CLAIMS

23.    At the time of his death on May 28, 2019, Tige Cottrell Mackey was 47-years old and an inmate at defendant FCI Greenville, a medium-security federal prison located in Greenville, Illinois.

24.    At all times relevant to this action, Mr. Mackey received medical care and treatment in the Bureau of Prison Health Services (referred to hereafter as "Infirmary") where defendants Faisal Ahmed, MD, Kimberly Schneider, PA, Paul Kelly, RN, Betty Ulmer, RN, Ashley Knebel, RN, provided medical care and treatment to inmates such as Mr. Mackey.

25.    In the months and weeks leading up to his death, Mr. Mackey had been experiencing chronic low back pain and presented for repeated encounters with staff at the infirmary complaining of low back pain.

26.    On December 18, 2018, Mr. Mackey was given steroid injections to treat his chronic low back pain.

27.    It is a well-known fact throughout the medical community that steroids are a major drug-induced cause of hypoglycemia and diabetes mellitus.

28.    In addition to his chronic low back pain, Mr. Mackey had a medical history of degenerative disc disease, hypertension, obesity and other conditions.

29.     On April 8, 2019, Mr. Mackey was seen by defendant Paul Kelly, RN, who evaluated his continued complaints of radiating back pain.

30.     Though Mr. Mackey had received epidural steroid injections four months earlier on December 18, 2018, during the April 8, 2019 encounter, defendant Paul Kelly, RN, failed to evaluate, access, or monitor signs and symptoms indicating possible adverse reaction to the previous steroid injection, including the possibility of steroid-induced hyperglycemia and diabetes mellitus.

31.     On April 10, 2019, defendant Kimberly Schneider, PA-C, evaluated Mr. Mackey for his complaint of increased back pain.

32.     On April 10, 2019, defendant Kimberly Schneider, PA-C, prescribed a 20-day tapering course of Prednisone (an oral steroid) for Mr. Mackey.

33.     During the April 10, 2019 encounter, defendant Kimberly Schneider, PA-C, failed to evaluate, access, or monitor Mr. Mackey for signs and symptoms of possible adverse reaction to prior steroid injection given on December 18, 2018, including the possibility of steroid-induced hyperglycemia and diabetes mellitus.

34.     On April 22, 2019 and on May 9, 2019, defendant Betty Ulmer, RN, evaluated Mr. Mackey with complaints of bilateral kidney pains.  On April 22, 2019, and on May 9, 2019, the back pain worsened to the point where Mr. Mackey was barely to walk.  Mr. Mackey was issued a cane to assist his ambulation.

35.     In both the April 22 and May 9, 2019 encounters, defendant Betty Ulmer, RN, failed to evaluate, access, or monitor for signs and symptoms indicating

possible adverse reaction to steroid injection provided on December 18, 2018, including the possibility of steroid-induced hyperglycemia and diabetes mellitus.

36. On May 13, 2019, Mr. Mackey returned to the prison infirmary, and was seen again by defendant Kimberly Schneider, PA-C. for evaluation of his complaints of persistent lower back pain.  Mr. Mackey was placed on extended medical convalescence.

37. During the May 13, 2019 encounter, Defendant Schneider, PA-C, failed to evaluate, access, or monitor Mr. Mackey for signs and symptoms indicating possible adverse reactions to the recently completed course of oral steroids, including the possibility of steroid-induced hyperglycemia and diabetes mellitus.

38. On or about May 21, 2019, Mr. Mackey received a second epidural steroid injection (the previous on December 18, 2018) prescribed by defendant Faisal Ahmed, MD, and/or Kimberly Schneider, PA-C.

39. Defendant Faisal Ahmed, MD, and/or Kimberly Schneider, PA-C. ordered a second epidural steroid injection for Mr. Mackey on or about May 21, 2019 without evaluating, accessing, or monitoring Mr. Mackey for signs and symptoms indicating possible adverse reactions to the prior steroid injection and/or recently completed course of oral steroids, including the possibility of steroid-induced hyperglycemia and diabetes mellitus.

40. Within days of receiving the second steroid injection on or about May 21, 2019, Mr. Mackey began complaining of vomiting, diarrhea, and exhibited an altered mental state for 5-7 days.

41.   For at least 3 days, Mr. Mackey was unable to leave his bed.

42.   Mr. Mackey complained to defendants Unknown Prison Guards, that he was ill and needed to go to the infirmary.

43.   Defendants Unknown Prison Guards ignored Mr. Mackey's complaints for several days.

44.   Mr. Mackey's cellmate and inmates in the surrounding cells also complained to Defendants Unknown Prison Guards that Mr. Mackey was getting worse and needed medical assistance.

45.   Defendants Unknown Prison Guards continued to ignore Mr. Mackey and his fellow inmates' complaints about Mr. Mackey's deteriorating medical condition.

46.   On May 25, 2021, Mr. Mackey was finally sent to the infirmary and seen by defendant Ashley Knebel, RN for evaluation of complaints of nausea, vomiting, increased urination and increased bowel movement over the last several days.

47.   Defendant Ashley Knebel, RN, "evaluated" Mr. Mackey, and instructed him to avoid eating by mouth for the next 4-6 hours, then gradually increase as tolerated.

48.   There is no indication in Mr. Mackey's Prison Health Care records that in her "evaluation" of Mr. Mackey on May 25, 2019, defendant Ashley Knebel, RN, reviewed or considered that Mr. Mackey had just received a steroid injection

approximately 4 days earlier, and had recently completed a 20-day course of oral steroids.

49.    During the May 25, 2019 encounter, defendant Ashley Knebel, RN, failed to evaluate, access, or monitor Mr. Mackey for signs and symptoms indicating possible effects of the oral and injected steroids administered to Mr. Mackey in the days and weeks prior, including the possibility of steroid-induced hyperglycemia and diabetes mellitus.

50.    On May 27, 2019, Mr. Mackey returned to the infirmary with worsening of the symptoms reported during his encounters in the previous days. By May 27, 2019, Mr. Mackey had persistent nausea and vomiting, now combined with diarrhea.  Mr. Mackey reported that he had experienced these symptoms since the steroid injection received on or about May 21, 2019.

51.    Mr. Mackey was evaluated by a nurse at the infirmary who reported that Mr. Mackey's blood pressure and temperature were difficult to obtain.  The nurse contacted defendant Faisal Ahmed, MD, who ordered an intravenous line and a fingerstick glucometer check and temperature reading.

52.    The fingerstick glucometer reading indicated "High", along with a temperature reading of 92 degrees (Fahrenheit).  Defendant Faisal Ahmed, MD ordered transfer of Mr. Mackey to the HSHS Holy Cross Family Hospital in Greenville, IL ("HSHS").

53.    Mr. Mackey arrived at HSHS at approximately 7:36 p.m. on May 27, 2019.

54.    HSHS Emergency Room evaluation indicated patient presented with generalized weakness, chills, abdominal pain, low back pain polyuria and heavy breathing.

55.    Vitals taken in the HSHS Emergency Room were consistent with diabetic ketoacidosis.  Additional labs taken at HSHS indicated Mr. Mackey was suffering from hyponatremia and hypochloremia due to marked elevation in glucose levels.

56.    Mr. Mackey was initially stabilized in the HSHS Emergency Room, but before transfer to the Intensive Care Unit, developed cardiac arrhythmia that resulted in cardiac arrest.  Resuscitation efforts were unsuccessful.  Mr. Mackey expired at 1:55 a.m. on May 28, 2019.

57.    An Autopsy Report dated May 29, 2019 by Marissa L. Feeney, M.D., for the Office of the Coroner, Bond County, indicated cause of death as diabetic ketoacidosis with acute esophageal necrosis complicating epidural steroid injection for treatment of lumbar spondylosis with radiculopathy.

## COUNT I
### 42 U.S.C. § 1983 Deliberate Indifference to a Serious Medical Need (*Bivens*)

*(Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN)*

58.    Paragraphs 1 through 57 are incorporated as if restated fully herein.

59.    Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, individually and collectively,

11

deprived Plaintiff's decedent Tige Cottrell Mackey of sufficient medical care in violation of the Eighth Amendment to the United States Constitution.

60.     By repeatedly and consistently failing to evaluate, access, or monitor Mr. Mackey for signs and symptoms indicating possible effects of the oral and injected steroids, including the well-known possibility of steroid-induced hyperglycemia and diabetes mellitus, Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, were deliberately indifferent to Plaintiff's decedent Tige Cottrell Mackey's deteriorating medical condition.

61.     Specifically, defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, demonstrated their deliberate indifference to the serious medical needs of Plaintiff's decedent Tige Cottrell Mackey as demonstrated by their:

    a.    Failure to properly diagnose the condition of Mr. Mackey;

    b.    Failure to properly assess, treat and monitor the condition of Mr. Mackey;

    c.    Failure to properly recognize Mr. Mackey's medical condition;

    d.    Failure to conduct appropriate and necessary laboratory testing to evaluate and monitor Mr. Mackey, despite the medical history, symptoms and complaints made by Mr. Mackey when he repeatedly presented for medical evaluation and treatment;

    e.    Failure to assess, diagnose, treat or monitor Mr. Mackey's hyperglycemia and Diabetes Mellitus Type II;

    f.    Failure to administer basic and routine checks and/or laboratory tests to check Mr. Mackey's glucose levels despite the medical history and symptoms with which he presented;

g. Failure to monitor evaluation potential side effects of administration or oral steroids and steroid injections given to Mr. Mackey;

h. Failure to assess or evaluate Mr. Mackey's underlying conditions that made him susceptible to Diabetes Mellitus Type II, with increased susceptibility due to oral steroids and steroid injection;

i. Failure to diagnose or prevent the development of steroid-induced hyperglycemia and/or diabetes mellitus (Type 2) in Mr. Mackey; and

j. Failure to assess, diagnose or prevent, fatal complications of diabetic ketoacidosis incident to oral steroids and steroid injections administered to Mr. Mackey.

62. As a result of this deliberate indifference to the serious medical needs of Mr. Mackey, he rapidly deteriorated and expired from diabetic ketoacidosis with acute esophageal necrosis incident to the steroid injections ordered and/or administered by defendants.

WHEREFORE, Plaintiff Marissla Mackey, as Independent Administrator for the Estate of Tige Cottrell Mackey, demands judgment against Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT II

### 28 U.S.C. §§ 1346(b) and 2671 *et seq.*-Negligence (Federal Tort Claims Act)

*(Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN)*

63. Paragraphs 1 through 62 are incorporated as if restated fully herein.

13

64.     Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, individually and collectively, deprived Plaintiff's decedent Tige Cottrell Mackey of sufficient medical care in violation of the Eighth Amendment to the United States Constitution.    By repeatedly and consistently failing to evaluate, access, or monitor Mr. Mackey for signs and symptoms indicating possible effects of the oral and injected steroids administered to Mr. Mackey, Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, were deliberately indifferent to Mr. Mackey's deteriorating medical condition.

65.     Specifically, defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, failed to provide a reasonable standard of medical care and treatment, as demonstrated by their:

    a.  Failure to properly diagnose the condition of Mr. Mackey;

    b.  Failure to properly assess, treat and monitor the condition of Mr. Mackey;

    c.  Failure to properly recognize Mr. Mackey's medical condition;

    d.  Failure to conduct appropriate and necessary laboratory testing to evaluate and monitor Mr. Mackey, despite the medical history, symptoms and complaints made by Mr. Mackey when he repeatedly presented for medical evaluation and treatment;

    e.  Failure to assess, diagnose, treat or monitor Mr. Mackey's hyperglycemia and Diabetes Mellitus Type II;

    f.  Failure to administer basic and routine checks and/or laboratory tests to check Mr. Mackey's glucose levels despite the medical history and symptoms with which he presented;

14

g.  Failure to monitor evaluation potential side effects of administration or oral steroids and steroid injections given to Mr. Mackey;

h.  Failure to assess or evaluate Mr. Mackey's underlying conditions that made him susceptible to Diabetes Mellitus Type II, with increased susceptibility due to oral steroids and steroid injection;

i.  Failure to diagnose or prevent the development of steroid-induced hyperglycemia and/or diabetes mellitus (Type 2) in Mr. Mackey; and

j.  Failure to assess, diagnose or prevent, fatal complications of diabetic ketoacidosis incident to oral steroids and steroid injections administered to Mr. Mackey.

66.  As a result of this deliberate indifference to the serious medical needs of Plaintiff's decedent Tige Cottrell Mackey, Plaintiff's decedent rapidly deteriorated and expired from diabetic ketoacidosis with acute esophageal necrosis with a complicating steroid injection.

WHEREFORE, Plaintiff Marissla Mackey, as Independent Administrator for the Estate of Tige Cottrell Mackey, demands judgment against Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 Deliberate Indifference to a Serious Medical Need (Bivens)

*(Defendants Unknown Prison Guards at FCI Greenville)*

67.  Paragraphs 1 through 66 are incorporated as if restated fully herein.

68.    Defendants Unknown Prison Guards at FCI Greenville, individually and collectively, deprived Plaintiff's decedent Tige Cottrell Mackey of sufficient medical care in violation of the Eighth Amendment to the United States Constitution.

69.    By failing to respond to Mr. Mackey's obvious serious medical need as he rapidly deteriorated in his cell between May 21 and May 27, 2019 following the steroid injection given on May 21, 2019, despite pleas for help from Mr. Mackey, his cellmate and other nearby inmates, these defendants acted with deliberate indifference to Mr. Mackey in violation of the Eighth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Marissla Mackey, as Independent Administrator for the Estate of Tige Cottrell Mackey, demands judgment against Defendants Faisal Ahmed, MD, Kimberly Schneider, PA-C, Paul Kelly, RN, Betty Ulmer, RN, and Ashley Knebel, RN, for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT IV
### State Law Claim – Wrongful Death

*(All Defendants)*

70.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

71.    At all times relevant herein, it was the duty of Defendants to exercise ordinary care so as to prevent injury and harm to persons, including Plaintiff's

decedent, Tige Cottrell Mackey, Smith, who was in their custody and/or under their care control as an inmate at FCI Greenville.

72.    That duty included, but was not limited to, ensuring that Plaintiff's decedent Tige Cottrell Mackey received appropriate medical care and treatment (including proper evaluation, assessment and monitoring of possible effects of prescribed and administered steroids) during his multiple visits to the FCI infirmary between April 8 and May 27, 2019, and his requests to prison guards between May 21 and May 27, 2019 as he was experiencing obvious medical distress.

73.    Notwithstanding this duty, defendants willfully and wantonly breached their duty by failing to provide basic and routine evaluation, assessment and monitoring of Plaintiff's decedent Tige Cottrell Mackey during his multiple visits to the FCI infirmary between April 8, 2019 and May 27, 2019, including proper evaluation, assessment and monitoring of possible effects of prescribed and administered steroids.  As a direct and proximate cause thereof, acts and/or omissions to act, caused Plaintiff's decedent Tige Cottrell Mackey to develop steroid-induced hyperglycemia and diabetes mellitus (Type 2), which led to diabetic ketoacidosis.

74.    As a direct and proximate cause of the aforementioned willful and wanton acts or omissions to act committed by defendants, Plaintiff's decedent Tige Cottrell Mackey died on May 28, 2019.

75.    At all relevant times in the State of Illinois there existed a wrongful death statute set forth in 740 ILCS 180/1 *et seq.*

76. The wrongful death of Plaintiff's decedent Tige Cottrell Mackey was proximately caused by the willful and wanton conduct of defendants in violation of 740 ILCS 180/1 *et seq.* commonly referred to as the Wrongful Death Act.

77. Plaintiff and the four other children of Tige Cottrell Mackey as his next of kin, have and will continue to suffer a loss of personal and pecuniary nature including loss of society, companionship, as well as grief, sorrow and mental suffering, subjecting Defendants to liability pursuant to 740 ILCS 180/1 *et seq.* commonly referred to as the Wrongful Death Act.

WHEREFORE, Plaintiff Marissla Mackey, as Independent Administrator of the Estate of Tige Cottrell Mackey, deceased, demands and prays for judgment against all defendants, individually and joint and severally, in an amount in excess of $5,000,000.00 (FIVE MILLION DOLLARS) plus costs of suit.

## COUNT V
### Survival Claim – All Defendants

(All Defendants)

78. Each of the foregoing paragraphs are incorporated as if restated fully herein.

79. At all times relevant herein, it was the duty of Defendants to exercise ordinary care so as to prevent injury and harm to persons, including Plaintiff's decedent, Tige Cottrell Mackey, Smith, who was in their custody and/or under their care control as an inmate at FCI Greenville.

80.    That duty included, but was not limited to, ensuring that Plaintiff's decedent Tige Cottrell Mackey received appropriate medical care and treatment (including proper evaluation, assessment and monitoring of possible effects of prescribed and administered steroids) during his multiple visits to the FCI infirmary between April 8 and May 27, 2019, and his requests to prison guards between May 21 and May 27, 2019 as he was experiencing obvious medical distress.

81.    Notwithstanding this duty, defendants willfully and wantonly breached their duty by failing to provide basic and routine evaluation, assessment and monitoring of Plaintiff's decedent Tige Cottrell Mackey during his multiple visits to the FCI infirmary between April 8, 2019 and May 27, 2019, including proper evaluation, assessment and monitoring of possible effects of prescribed and administered steroids. As a direct and proximate cause thereof, acts and/or omissions to act, caused Plaintiff's decedent Tige Cottrell Mackey to develop steroid-induced hyperglycemia and diabetes mellitus (Type 2), which led to diabetic ketoacidosis.

82.    As a direct and proximate cause of the aforementioned willful and wanton acts or omissions to act committed by defendants, Plaintiff's decedent Tige Cottrell Mackey died on May 28, 2019. At all times relevant herein, in the State of Illinois there existed a Survival Act, statutorily set forth at 755 ILCS 5/27-6 *et seq.*

83.    As a direct and proximate cause of defendants' willful and wanton conduct, Plaintiff's decedent Tige Cottrell Mackey suffered injuries of a personal and pecuniary nature including but not limited to, conscious pain and suffering and would have been entitled to receive compensation from the Defendant, and had he survived,

he would have been entitled to bring this action for damages pursuant to the provisions of 755 ILCS 5/27-6 *et seq.*

WHEREFORE, Plaintiff Marissla Mackey, as Independent Administrator of the Estate of Tige Cottrell Mackey, deceased, demands and prays for judgment against all defendants, individually and joint and severally, in an amount in excess of $ 5,000,000.00 (FIVE MILLION DOLLARS) plus costs of suit.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands trial by jury on all claims so triable.

**PLAINTIFF MARISSLA MACKEY, as Independent Administrator of the Estate of TIGE MACKEY.**

*/s/ Devlin Joseph Schoop*
Counsel for Plaintiff

Date: November 26, 2021

Devlin Joseph Schoop
Kimberly N. Tarver
Melvin L. Brooks
THE COCHRAN FIRM CHICAGO
140 South Dearborn Street
Suite 1020
Chicago, IL 60603
Attorney:  06243835
312-262-2880
312-262-2881 – Fax
dschoop@henderson-parks.com
ktarver@cochranfirm.com
mbrooks@cochranfirm.com