IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARISSLA MACKEY, as Independent
Administrator for the Estate of Tige
Cottrell Mackey, deceased,

Plaintiff,

v.

FAISAL AHMED,
KIMBERLY SCHNEIDER,
PAUL KELLY,[1]  BETTY ULMER,
ASHLEY KNEBEL, and
UNKNOWN PRISON OFFICIALS,

Defendants.

Case No. 3:21-CV-01490-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Marissla Mackey, Independent Administrator for the Estate of Tige Cottrell Mackey (her father's estate), brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and state law after the decedent, Tige Cottrell Mackey, died hours after arriving at HSHS Family Hospital in Greenville, Illinois. (Doc. 1). Cottrell suffered a fatal complication, called diabetic ketoacidosis, from steroid-induced hyperglycemia along with undiagnosed steroid-induced diabetes mellitus (Type 2). (*Id.*). The allegations in the complaint attribute Mr. Mackey's tragic death to repeated failures of the medical staff at

---

[1] Defendants indicate that the proper spelling of this defendant's name is Paul Kelley. (Doc. 37). The Court **DIRECTS** the Clerk's Office to change the spelling to "Kelley" on the docket, and the Court will use the updated spelling throughout this Order.

Federal Correctional Institution Greenville ("FCI-Greenville") in the six weeks leading to his death. (*Id.*). Mackey ultimately alleges that prison guards and prison medical staff acted with negligence and deliberate indifference towards Mr. Mackey's increasingly worsening condition and ignored his cries for help and obvious symptoms. (*Id.*).

Plaintiff Mackey, who is represented by counsel, filed her complaint on November 26, 2021. Three days later, the Court reminded Mackey of her obligation to effect service on the named defendants. (Doc. 7). Within three months, Mackey moved for an extension of time to serve process indicating that she submitted a notice and waiver of service of summons to the warden at Greenville on January 31, 2022, but inadvertently failed to send two copies of the waivers and a prepaid means of returning the waivers. (Doc. 10). Defendants did not return signed waivers, and Mackey could not contact the warden at FCI-Greenville. (*Id.*). Finding good cause, the Court permitted an extension to serve process before March 31, 2022. (Doc. 11). After the Court struck Mackey's filed certificates of service showing that waivers were sent to the United States Attorney's Office for the Southern District of Illinois, Mackey refiled the documents as "Requests for Waivers" noting that the waivers sent to the individual defendants through Warden Williams were issued and sent but never returned. (Docs. 12-16). On April 1, 2022, Defendants Schneider, Ahmed, Kelley, and Knebel moved to dismiss the complaint for lack of prosecution, and separately, for failure to state a claim. (Docs. 18; 19). The Court denied these motions and granted Mackey additional time, until May 20, 2023, to effect service. (Doc. 22).

In its Order, the Court explicitly described the steps needed to properly effect

service in this case. (*Id.*). At that time, the Court warned that failure to complete service as ordered would result in dismissal of the action. (*Id.*). Mackey proceeded to complete personal service, under Rule 4(e) and 4(i)(3), on Ulmer and Knebel, and to attempt personal service on Ahmed, Kelley, and Schneider. Mackey also served the United States Attorney in this District as required by Federal Rule of Civil Procedure 4(i)(1)(A) and 4(i)(3).

Familiarly, Mackey seeks an extension of time to effect service (Doc. 35), and Defendants seek dismissal for lack of prosecution and failure to state a claim (Docs. 39; 40). Mackey asks the Court for more time to confirm personal service of process on Defendant Kelley (which the parties now agree occurred, albeit a day later than the deadline provided by the Court) and to re-serve Schneider after several unsuccessful attempts, the most recent of which occurred at a former workplace. (Doc. 35). In her motion, Mackey also seeks an order directing the warden or other senior administrator of FCI-Greenville to accept service on behalf of the "unknown prison officials" named in this case. (*Id.*). In their motions, Defendants detail Mackey's continual failure to effect proper service, and they raise substantive arguments as to why the complaint should be dismissed for failure to state a claim. (Docs. 39; 40).

## LEGAL STANDARD

Defendants seek dismissal of the complaint under Federal Rules of Civil Procedure 12(b)(4), (b)(5), and (b)(6). Rule 12(b)(4) provides for dismissal for insufficient process and Rule 12(b)(5) provides for dismissal for insufficient service of process. FED. R. CIV. P. 12(b). Rule 12(b)(5) provides a defendant the vehicle to "enforce the service of process

requirements through a pretrial motion to dismiss." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process[.]" *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). A plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas*, 646 F.3d at 1005.

If a defendant is not served within 90 days after the complaint is filed, a court must dismiss an action without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4(m). But a court must extend the time for service for an appropriate period if the plaintiff shows good cause for the failure. *Id.* "Good cause means a valid reason for delay[.]" *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Even without good cause, the district court retains discretion to extend the time for service. *Id.*; *Cardenas*, 646 F.3d at 1005 ("[T]he decision of whether to dismiss or extend the period for service is inherently discretionary."). To decide between dismissal of the action or an extension to perfect service, courts consider such factors as the expiration of the statute of limitations, harm to the defendant's ability to defend, actual notice and eventual service, evasion of service, admission of liability, whether plaintiff requested an extension due to difficulties with service, and plaintiff's diligence in pursuing service. *Id.* at 1006-007 (collecting cases).

Differently, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, a plaintiff

only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555. For a motion pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

## DISCUSSION

The issues of perfecting service in this case are longstanding and ongoing. "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf," as is the case with the medical provider defendants here, "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." FED. R. CIV. P. 4(i)(3).

It is clear that Mackey failed to properly serve two named defendants personally (Ahmed and Schneider) by the previously imposed deadline.[2]  Mackey admits the failure to personally serve Schneider, although she claims to have gone through extensive efforts to effect service, and she seeks an extension of time to re-serve Schneider. As to Ahmed, however, Mackey filed a Proof of Service. (Doc. 34). In their motion to dismiss for lack of prosecution, Defendants contend that the person listed as served in the proof of service

---

[2] It is undisputed that Paul Kelley was personally served outside the window for service as well. (Doc. 39, pp. 6-7). Personal service was effected on Kelley on June 1, 2023, the day after the imposed deadline. Mackey's motion for extension of time covered service to Kelley. The Court will excuse the one-day delay and accept this service as proper. Defendants do not contest that the personal service requirements under Rule 4(e) as to Betty Ulmer and Ashely Knebel have been met. (Doc. 39, p. 6).

has no connection to Ahmed, nor does the proof of service list the address that the process server identified as Ahmed's residence. Mackey does not respond to this contention in her response to the motion to dismiss. But it is her burden to demonstrate proper service, and she has failed to do so with respect to Ahmed.

Further, Mackey states in her motion for extension of time that she "completed service pursuant to [Rule] 4(i)(1)(3) on all Defendants" and, further, she demonstrated diligence in attempting personal service on all Defendants as she "served the U.S. Attorney for all Defendants as required by Rule 4(i)(1)(3) within the allotted time frame." (Doc. 35, ¶¶ 3, 13). But, as Defendants point out, serving the United States Attorney is not the only requirement for service under Rule 4(i)(1). As explained in the Court's prior Order, service on the United States requires a party to "(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought…or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" **and** "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." FED. R. CIV. P. 4(i)(1)(A) & (B). It is not sufficient merely to serve the United States Attorney.

The parties agree that Mackey has satisfied Rule 4(i)(3)(A) requiring service upon the United States attorney. But Mackey has failed to serve, or attempt to serve, the Attorney General of the United States at Washington, D.C. as required by Rule 4(i)(3)(B). Without properly serving the United States, Mackey fails to perfect service as to *any* of the named defendants (as employees of the United States sued in their individual capacities for acts or omissions occurring in connection with their duties), because proper

service requires personal service of the employee and service upon the United States. As described above, service upon the United States includes *both* service upon the United States attorney and the Attorney General of the United States. This is plain in the Federal Rules of Civil Procedure and in the Court's prior Order. The Seventh Circuit has upheld dismissal of cases based upon failure to properly serve the United States in accordance with either prong in Rule 4(i)(1). *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001); *see also Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996).

Although the Court finds that Mackey has failed to properly complete service, as described in its previous Order, the Court must determine whether Mackey "has established good cause" for the failure before it dismisses the case for improper service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Notably, "[f]ailure to read a rule is the antithesis of good cause." *Tuke*, 76 F.3d at 156. In response to Defendants' motions, Mackey primarily addresses the arguments in the 12(b)(6) motion for failure to state a claim. Regarding the service issues, Mackey claims that she has demonstrated exhaustive efforts to serve the defendants, especially given the failure of the Bureau of Prisons ("BOP") to provide any information, especially about their employment status,[3] in response to information requests. Mackey states that she suffered a significant and unfair disadvantage in trying to identify residential or current employment addresses for the defendants, but she did not simply sit on her hands. She argues that she served the defendants by effecting service on the United States Attorney

---

[3] In their response to Mackey's motion for extension of time, Defendants indicate that "[a]ll defendants with the exception of Nurse Ulmer are current employees of the [BOP] assigned to FCI-Greenville." (Doc. 37, p. 6).

for the Southern District of Illinois, as required by Rule 4(i)(1), used public sources to discern the best way to personally serve each defendant, and engaged an established local process server. Mackey contends that "service on government employees should not be so hyper-technical or elusive that a plaintiff who demonstrates substantial diligence can be thrown out of court[.]" (Doc. 41, p. 3). She urges that, in this case, service on the United States Attorney, who is acting as counsel for the defendants, provides more than adequate notice of the pendency of the action and dismissal for insufficient service would be unjust.

Mackey has not demonstrated good cause here. While she claims diligence and difficulty in locating the defendants to effect personal service, she has had ample time to do so at this point. Moreover, there is no contention that she ever attempted to satisfy the requirements of Rule 4(i)(1)(B) as to the Attorney General of the United States. This requirement was explicitly outlined in the Court's prior Order and in the Federal Rules. As mentioned above, failure to read an explicit procedural rule is not good cause. While she points to the defendants' actual notice, her diligence, and her substantial compliance in effecting service, these efforts do not excuse the deficiencies in service or constitute good cause. *McMasters,* 260 F.3d at 817 (noting that actual notice to the defendant is insufficient to satisfy the service requirements under Rule 4); *see also Mid–Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301-02 (7th Cir. 1991) (neither actual notice nor substantial compliance or diligence satisfy the requirements of Rule 4). In short, Mackey identifies no good cause for her continued failures to effect service.

Even without good cause, the Court retains discretion to "direct that service be

effected within a specified time." *Panaras,* 94 F.3d at 340. To extend the time of service, even without good cause, the Court considers factors like, "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of North America, Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Considering the relevant factors, dismissal, even without prejudice, would certainly implicate issues under the relevant statute of limitations,[4] and Mackey's claims would likely be doomed. Defendants have also clearly had actual notice of this suit, which weighs in favor of granting an extension. Further, Mackey has made considerable strides in personally serving three of the defendants and the United States Attorney and has demonstrated effort in personally serving the others. In addition, Rule 4(i)(4)(B) provides that the "court must allow a party a reasonable time to cure its failure to serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." FED. R. CIV. P. 4(i)(4)(B). But the Court has already allowed more than a reasonable time to cure these service deficiencies on the United States.

Considering the circumstances in this case and because "the law prefers that cases be resolved on their merits, not technicalities," the Court will grant Mackey one last—*and final*—extension to properly effect service.[5] *See Coleman*, 290 F.3d at 935 (Evans, C.J.

---

[4] The Court's prior Order thoroughly addresses the potential issues regarding statute of limitations. (*See* Doc. 22, p. 7, n. 1).

[5] In her motion for extension of time, Mackey only requests additional time to personally serve Kelley and Schneider. But this granted extension applies for her to cure all deficiencies described in this Order. Mackey also requested an order directing the warden or other senior administrative official at FCI-Greenville to accept service upon the Unknown Prison Officials named as placeholder defendants. Summons as to the Unknown Prison Officials was erroneously issued. While occasionally a plaintiff may name a warden in his or her official capacity until unknown defendants can be identified, Mackey has not named the warden in an official capacity here. Therefore, this request is denied.

dissenting).

Because Mackey failed to properly serve any defendant, it is improper for the Court to reach the claims in the motion to dismiss for failure to state a claim. The Court denies that motion as moot. Of course, if Mackey properly effects service by the prescribed deadline, Defendants are welcome to raise these arguments again.

CONCLUSION

For these reasons, the motion to dismiss for lack of prosecution (Doc. 39) filed by Defendants Faisal Ahmed, Paul Kelley, Ashley Knebel, Kimberly Schneider, and Betty Ulmer is **DENIED**. Further, Defendants' motion to dismiss for failure to state a claim (Doc. 40) is **DENIED as moot** (without prejudice). Mackey is **GRANTED** additional time, up to and including **May 10, 2024**, to complete personal service on Kimberly Schneider and Faisal Ahmed, and to perfect service on all Defendants under Rule 4(i)(1) and (3) by serving the Attorney General of the United States at Washington, D.C.

The Court previously warned Mackey that failure to complete service as ordered would result in dismissal of this action. **This is Mackey's *final* warning—if service is not properly effected as ordered, the Court will dismiss this entire action.**

**IT IS SO ORDERED.**

**DATED:   March 26, 2024**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**