IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARISSLA MACKEY, as Independent Administrator for the Estate of Tige Cottrell Mackey, deceased,** | |
| **Plaintiff,** | |
| v. | Case No. 3:21-CV-01490-NJR |
| **FAISAL AHMED, KIMBERLY SCHNEIDER, PAUL KELLEY, BETTY ULMER, ASHLEY KNEBEL, and USA,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are several motions to dismiss—one for insufficient service and untimely service of process (Doc. 50), one for failure to state a claim as to the original complaint (Doc. 51), and two for failure to state a claim as to a subsequently filed amended complaint (Docs. 62, 66).

## FACTUAL BACKGROUND

Plaintiff Marissla Mackey, Independent Administrator for the Estate of Tige Cottrell Mackey (her father's estate), brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and state law after the decedent ("Mr. Mackey") suffered a fatal complication, called diabetic ketoacidosis, from steroid-induced hyperglycemia along with undiagnosed steroid-induced diabetes mellitus (Type 2). (Doc. 1). The allegations in the

complaint attribute Mr. Mackey's tragic death to repeated failures and deliberate indifference of the medical staff at Federal Correctional Institution Greenville ("FCI-Greenville") in the six weeks leading to his death. (*Id.*).

## PROCEDURAL BACKGROUND

The procedural posture of this case is abnormal to say the least. Plaintiff Mackey, who is represented by counsel, filed her complaint on November 26, 2021. Three days later, the Court reminded Mackey of her obligation to effect service on the named defendants. (Doc. 7). Within three months, Mackey sought an extension of time to serve process, which the Court granted after finding good cause. (Docs. 10, 11). On April 1, 2022, Defendants Schneider, Ahmed, Kelley, and Knebel moved to dismiss the complaint for lack of prosecution, and separately, for failure to state a claim. (Docs. 18, 19). In February 2023, the Court denied these motions and granted Mackey additional time, until May 20, 2023, to effect service. (Doc. 22). In its Order, the Court explicitly described the steps needed to properly effect service in this case. (*Id.*). At that time, the Court warned that failure to complete service as ordered would result in dismissal of the action. (*Id.*).

Mackey effected personal service on Defendants Ulmer and Knebel, but continued to attempt to serve Defendants Ahmed, Kelley, and Schneider. (*See* Doc. 39). Mackey also served the United States Attorney in this District as required by Federal Rules of Civil Procedure 4(i)(1)(A) and 4(i)(3). In May 2023, Mackey again moved for an extension of time to serve process. (Doc. 35). Then, Defendants again sought dismissal for failure to prosecute and failure to state a claim. (Docs. 39, 40). In March 2024, the Court denied Defendants' motions to dismiss and gave Mackey a final deadline to complete service on

May 10, 2024. (Doc. 44). While finding that Mackey failed to demonstrate good cause, the Court exercised its discretion and attempted to catalyze a resolution of this case on its merits rather than technicalities. (*Id.* at pp. 7-9).

After this window for service closed, Defendants Ahmed, Kelley, Knebel, Schneider, and Ulmer filed a Motion to Dismiss for Insufficient and Untimely Service of Process (Doc. 50) and a Motion to Dismiss for Failure to State a Claim (Doc. 51). In response, Mackey filed several notices to prove proper service. (Docs. 52, 53, 55). She also filed a response opposing the motion to dismiss for insufficient and untimely service of process (Doc. 56), to which Defendants replied (Doc. 57).

As for the Motion to Dismiss for Failure to State a Claim, Mackey did not respond, but instead filed an Amended Complaint. (Doc. 58). According to Mackey the amendment did not require leave of Court, because she amended as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). The Amended Complaint added Defendant United States of America. Defendants Ahmed, Kelley, Knebel, Schneider, and Ulmer filed a Motion to Dismiss Count 1 of the Proposed Amended Complaint (Doc. 62), to which Mackey responded. (Doc. 63). And the United States filed a Motion to Dismiss for Failure to State a Claim or in the Alternative for Summary Judgment (Doc. 66), to which Mackey also responded (Doc. 72).

DISCUSSION

I. **Motion to Dismiss for Insufficient and Untimely Service of Process (Doc. 50)**

In its prior Order, the Court announced the final deadline for Mackey to effect service as May 10, 2024. (Doc. 44). After this window for service closed, Defendants

Ahmed, Kelley, Knebel, Schneider, and Ulmer filed a third motion to dismiss for insufficient and untimely service of process. (Doc. 50). In response, Mackey filed three notices to prove proper service along with a summons returned executed as to Schneider and a response in opposition to the motion. (Docs. 52, 53, 54, 55, 56).

In their motion, Defendants argue that Mackey failed to personally serve Defendant Schneider, as the initial summons delivered to her before the deadline did not bear the signature of the Clerk of Court. Moreover, she failed to serve the United States through sending a copy of the summonses and complaint to the Attorney General before the May 10, 2024 deadline. According to Defendants, Mackey must face the consequences of her own failures and inactions, even if her claims have statute of limitations implications, because they enjoy due process rights within this action including proper service.

In response, Mackey filed Notices showing that she served the United States Attorney's Office for the Southern District of Illinois and the Attorney General of the United States in Washington D.C. (Docs. 52, 53, 55). As to Defendants Ahmed, Kelly, Knebel, and Ulmer, Mackey highlights that she also personally served them before the May 10, 2024 deadline. For Defendant Schneider, Mackey states that she personally served Schneider with the complaint and—inadvertently—an unsigned summons before the Court's deadline. But seven days later, after the Court's deadline, Mackey provided Schneider with another copy of the complaint and a signed and sealed summons. Mackey once again asks the Court to extend the time to serve Schneider by seven days.

In their reply brief, Defendants Ahmed, Kelley, Ulmer, and Knebel accept

Mackey's representation that she properly effected service on them within the Court's third extended deadline of May 10, 2024, given the Notices filed reflecting deliveries to the appropriate United States Attorney's Office and the Attorney General of the United States in April 2024. (Docs. 52, 53, 57). But Defendant Schneider maintains that she was not personally served until May 17, 2024, after the deadline. In addition, Schneider disagrees with Mackey that the Attorney General was properly served on her behalf before the deadline. Where Mackey asserts that service is perfected on the mailing date, Schneider contends that service by certified mail is only perfected upon documented receipt of the mailing. In this case, the Attorney General signed the certified mail receipt on May 17, 2024, after the Court's deadline for service.

As to Ahmed, Kelley, Ulmer, and Knebel, the parties agree that service was perfected by the deadline. Thus, Defendants' Motion to Dismiss for Insufficient and Untimely Service of Process (Doc. 50) is denied in part as to those defendants.

This leaves Defendant Schneider. Putting the dispute regarding service to the Attorney General aside, it is clear that Schneider was not properly personally served until May 17, 2024. The Court made exceedingly clear that the last and final deadline to properly effect service was May 10, 2024. Enough is enough. The Court understands that Mackey attempted to serve Schneider by the deadline, and Schneider received a copy of the complaint and an unsigned summons by the deadline. And the Court appreciates that Schneider was served with the appropriate and required documents only seven days after the deadline. But the Court meant what it said—it granted **one last and final extension**. No more. While it is unfortunate that Schneider eludes this lawsuit on a

technicality, Mackey has received more than enough opportunity and time to effect proper service.

The Court warned Mackey of the rigidity of the most recently imposed service deadline. Service on Schneider was not completed by that deadline. Even if by inadvertence or simple mistake, the Court simply cannot entertain any more chances. Thus, Defendants' Motion to Dismiss for Insufficient and Untimely Service of Process (Doc. 50) is granted in part as to Schneider. Defendant Schneider is dismissed from this action due to insufficient and untimely service of process.

**II. Amended Complaint (Doc. 58) and Other Motions to Dismiss (Docs. 51, 62, 66)**

Along with their motion to dismiss for insufficient and untimely service of process, Defendants also filed a Motion to Dismiss for Failure to State a Claim. (Doc. 51). Instead of responding to this motion, Mackey filed an Amended Complaint. (Doc. 58). From her perspective, this amendment was permitted as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B). The Amended Complaint reduced the counts from five in the original complaint to two and added a new defendant—the United States of America. The amended complaint contains one count as to the individual defendants (Ahmed, Kelley, Knebel, Schneider, and Ulmer) for deliberate indifference, and one count against the United States for wrongful death under the Federal Tort Claims Act ("FTCA"). The individual Defendants and the United States filed separate motions to dismiss the Amended Complaint. (Docs. 62, 66). In both motions, Defendants argue, not only that the complaint should be dismissed for failure to state a claim, but that the Amended Complaint was improperly filed as a matter of course, and Mackey needed to seek either

consent or leave to file such an amendment.

Before addressing the substantive arguments for dismissal, the Court will first address whether the complaint was properly amended as a matter of course or if Mackey should have sought leave from the Court or Defendants' consent to file such an amendment. Rule 15 governs amended and supplemental pleadings and states:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(1)-(2). Clearly, a party is permitted to amend its pleading once as a matter of course. And it is true that, prior to this point, Mackey had not filed such an amendment. But a party can lose its opportunity to amend as a matter of course if it does not comply with the strict timing requirements imposed in Rule 15.

Here, Mackey relies on Rule 15(a)(1)(B) to justify the filing of her amended complaint as a matter of course.[1] Mackey argues that the individual Defendants filed a

---

[1] As reflected in the procedural history of this case, proper service took an unusually long time. It appears that Mackey effected proper service against the remaining individual Defendants in late April 2024. The Amended Complaint was filed on June 17, 2024. More than 21 days passed between properly effecting service and the filing of the amended complaint. Thus, Mackey did not attempt to amend her pleading under Rule 15(a)(1)(A).

motion to dismiss the complaint pursuant to Rule 12(b)(6) on May 28, 2024, and, thus, the amended complaint, filed on June 17, 2024, came within 21 days after service of that motion as permitted by Rule 15(a)(1)(B). In addition, Mackey defends this action as proper because it embraces the spirit of the rule, which is to promote judicial economy. Mackey references the committee notes accompanying the 2009 amendment of Rule 15 to explain that a responsive amendment can avoid the need to decide a motion, reduce the number of issues to be decided, and expedite the determination of issues. Mackey requests that, if the Court finds that leave of Court was required to file the amended complaint, the Court grant leave to do so.

On the other hand, the individual Defendants[2] and the United States both assert that, under Rule 15(a)(1)(B), a party has 21 days after service of a motion under Rule 12(b), (e), or (f) to amend its pleading as a matter of course. Defendants state that they filed their first set of motions to dismiss under Rule 12(b) on April 1, 2022. (*See* Docs. 18, 19). Defendants also filed another set of motions to dismiss pursuant to Rule 12(b) on June 9, 2023. (*See* Docs. 39, 40). Defendants argue that Mackey had 21 days from when they filed their *first* set of motions to dismiss to amend her complaint as a matter of course. As she declined to do so, the time to amend as a matter of course lapsed. Thus, Defendants contend that Mackey filed only a proposed amended complaint, but she needed to seek leave from the Court or consent from them to file an amended complaint.

The Court must decide between the parties' differing interpretations of Rule

---

[2] The individual Defendants concede that they are not prejudiced by the substitution of the United States as a defendant in Count 2, which invokes the FTCA, and have consistently pointed out that they were improperly named in counts invoking the FTCA all along.

15(a)(1)(B)—that the clock expires 21 days after the *first* Rule 12(b) motion is filed or that the clock expires 21 days after *any* Rule 12(b) motion is filed, so long as the party has not yet amended as a matter of course. As explained below, the Court reads the rule to trigger a single 21-day clock that starts with the filing of either the first responsive pleading or the first motion under Rule 12(b), (e), or (f) that cannot be revived with each new version of a complaint, or as relevant here, each new motion to dismiss filed under Rule 12.

In *Savignac v. Jones Day*, the court analyzed the same question—whether the right to amend as a matter of course can ever be revived after the initial period to do so has ended. 341 F.R.D. 120, 123-127 (D.D.C. 2022). The *Savignac* court tackled the issue by evaluating the text, structure, and purposes of Rule 15(a), and concluded that the rules imagine one, unbroken period for amendment as of course that begins with service of the complaint and continues through the service of the *first* responsive pleading or Rule 12 motion then running for another 21 days. *Id.* at 124-127. In so finding, the court thoroughly discussed the goals of Rule 15(a)(1), including judicial economy, reducing the issues, and expediting pretrial proceedings and determination of the issues, and how those goals are furthered only if the period to amend as a matter of course exists exclusively at the beginning of an action. *Id.* at 124. The alternative interpretation, according to the *Savignac* court, would open the door to the possibility of one party preserving its amendment as a matter of course to circumvent the preapproval requirements of Rule 15(a)(2) no matter how late in the case, how severe the prejudice to the opposing party, or how unjustified the delay might be, which would undermine the general purpose of the rules to secure just, speedy, and inexpensive resolution of

proceedings. *Id.*

Similarly, in *U.S. ex rel. Carter v. Halliburton Co.*, the court found that the policies underlying Rule 15(a)(1) supported the conclusion that the 21-day period to amend as a matter of right begins when the first motion to dismiss is filed. 144 F. Supp. 3d 869, 878-879 (E.D. Va. 2015). As such, the court rejected an amendment as a matter of course in response to a second motion to dismiss filed nearly four years after the first motion to dismiss. *Id.* at 879. The court explained that such a filing did not create a cumulative 21-day period for amendment. *Id.*

That premise also finds support in two prominent civil procedure treatises that acknowledge amendment permitted under Rule 15(a)(1) is constrained to a limited time period following the commencement of the action. *See* 3 Moore's Federal Practice – Civil § 15.12 ("[T]here is, in fact, only one, single 21-day period available for amendment 'as a matter of course.' The *earliest* served responsive pleading or motion starts that single period running."); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1480 (3d ed. June 2024 update) (a Rule 15(a)(1) amendment may be made within a "limited time period following commencement of the action"). Both treatises also reference the advisory committee notes to the 2009 amendment which state that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." FED. R. CIV. P. 15(a) advisory committee's note to 2009 amendment. Further, the advisory committee's notes assert, "the right to amend once as a matter of

course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." *Id.*

While the Court is unaware of any binding precedent interpreting this issue, the Court finds the *Savignac* court's analysis highly persuasive. So too did another district court in this Circuit. *See Evans v. Dart*, No. 22-cv-222, 2023 WL 3568685, at *2-4 (N.D. Ill. May 19, 2023) (applying the rationale of the *Savignac* court to reach the same conclusion that the right to amend as a matter of course expires after the first responsive pleading or qualifying motion under Rule 12); *accord In re AME Church Employee Retirement Fund Litigation*, No. 1:22-md-03035, 2024 WL 4668163, at *2-4 (W.D. Tenn. Nov. 4, 2024). The Court is further persuaded by the advisory committee notes to the amendment. If the 21-day periods to amend once as a matter of course are not cumulative between a responsive pleading and a designated motion, surely they are not cumulative for multiples of the same type of filing—two or more responsive pleadings or two or more Rule 12 motions.

Here, due to the longstanding service issues, the case theoretically remains in its early stages though significant time has passed. But the Court sees no reason to ignore the previously filed 12(b) motions simply because the original complaint was not properly served until now. Rule 15(a)(1)(B) mentions service of a motion under Rule 12(b), which explicitly includes motions to dismiss for insufficient process and insufficient service of process. The previously served motions pursuant to Rule 12(b) surely count as designated motions under Rule15(a)(1)(B). While the situation in this case is somewhat unique, the same principles regarding the text and purpose of the Rule discussed by the *Savignac* court apply. Defendants' first motion under Rule 12(b) was

filed on April 1, 2022. The Court identifies that date as the start of the 21-day clock in which to file an amendment as a matter of course. Obviously, that window expired before the amended complaint was filed on June 17, 2024.

As such, Mackey needed to seek leave to file her amended complaint or gain the consent of Defendants. Because she failed to comply with the requirements of Rule 15(a)(2), the Court strikes the amended complaint. The Court orders Mackey to file a motion for leave to amend her complaint within the expedited briefing schedule outlined below, so the Court can fully assess whether leave should be granted.

Because the Amended Complaint was filed without leave and is now stricken, the Court must address a few other issues. First, Defendant USA was improperly added to this action and shall be terminated from the docket at this time. Next, as the operative complaint is the original complaint, the two motions to dismiss filed in response to the Amended Complaint (Docs. 62, 66) are now moot. And finally, because Mackey seeks to file an Amended Complaint and Mackey filed an Amended Complaint instead of responding to Defendants' motion to dismiss the original complaint for failure to state a claim (Doc. 51), the Court also sees fit to deny that motion as moot (without prejudice). Defendants are encouraged to raise their arguments again once the Court determines whether to give Mackey leave to amend her complaint.

## Conclusion

For these reasons, the motion to dismiss for insufficient and untimely service of process (Doc. 50) is **GRANTED in part** as to Defendant Kimberly Schneider. As such, she is terminated from this action. Further, Mackey's Amended Complaint (Doc. 58) is

**STRICKEN**, and Defendants' various motions to dismiss for failure to state a claim (Docs. 51, 62, 66) are **DENIED as moot** (without prejudice). Mackey must seek leave to file an Amended Complaint.

This case desperately needs to move forward, and as such, the Court **ORDERS** an expedited briefing schedule—Mackey is directed to file a Motion for Leave to Amend her Complaint on or before **March 21, 2025**, and Defendants shall file a response to that motion on or before **March 28, 2025**. In addition, because the Amended Complaint was filed without leave, Defendant USA was improperly added to this action and, for now, shall be terminated from the docket.

**IT IS SO ORDERED.**

DATED:   March 14, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**