IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARISSLA MACKEY,** as Independent Administrator for the Estate of Tige Cottrell Mackey, deceased, **Plaintiff,** v. **FAISAL AHMED, PAUL KELLEY, BETTY ULMER,** and **ASHLEY KNEBEL, Defendants.** | Case No. 3:21-CV-01490-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Marissla Mackey's first Motion for Leave to File an Amended Complaint. (Doc. 75). Defendants Faisal Ahmed, Paul Kelley, Ashley Knebel, and Betty Ulmer[1] filed a response in opposition to the motion. (Doc. 76). For the reasons set forth below, Mackey's motion is granted.

## FACTUAL BACKGROUND

Plaintiff Marissla Mackey, Independent Administrator for the Estate of Tige Cottrell Mackey (her father's estate), brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and state law after the decedent ("Mr. Mackey") suffered a fatal complication, called diabetic ketoacidosis, from steroid-induced hyperglycemia along

---

[1] The response in opposition asserts it was filed on behalf of the United States of America—which is not currently party to this action (*see* Doc. 74)—as well. (Doc. 76, at 1),

with undiagnosed steroid-induced diabetes mellitus (Type 2). (Doc. 1). The allegations in the complaint attribute Mr. Mackey's tragic death to repeated failures and deliberate indifference of the medical staff at Federal Correctional Institution Greenville ("FCI-Greenville") in the six weeks leading to his death. *Id.*

## PROCEDURAL BACKGROUND

As this Court acknowledged in its most recent order, the "procedural posture of this case is abnormal, to say the least." (Doc. 74, at 2). Plaintiff Mackey, who is represented by counsel, filed her complaint[2] against Defendants Ahmed, Schneider, Kelley, Ulmer, Knebel, and Unknown Prison Officials at FCI-Greenville [3] on November 26, 2021. (Doc. 1). Three days later, the Court reminded Mackey of her obligation to effect service on the named defendants. (Doc. 7). Within three months, Mackey sought an extension of time to serve process, which the Court granted after finding good cause. (Docs. 10, 11).

On April 1, 2022, Defendants Ahmed, Kelley, Knebel, and Schneider moved to dismiss the complaint for lack of prosecution and for failure to state a claim.[4] (Docs. 18,

---

[2] The complaint contains five counts: (1) an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), against Defendants Ahmed, Schneider (since terminated (*see* Doc. 74)), Kelley, Ulmer, and Knebel; (2) an Eighth Amendment claim under the FTCA against Defendants Ahmed, Schneider, Kelley, Ulmer, and Knebel; (3) an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 and a *Bivens* claim against Defendants Unknown Prison Officials at FCI-Greenville; (4) a state-law wrongful death claim against all Defendants; and (5) a state-law survival claim against all Defendants. (Doc. 1).
[3] Defendants Unknown Prison Officials were terminated from the docket when Mackey filed her since-stricken amended complaint, which removed them from the action. (*See* Doc. 58). Because the first attempt to amend her complaint was stricken, Defendants Unknown Prison Officials would ordinarily remain in the suit. However, this Court set a final deadline of May 10, 2024, for service on all Defendants. (Doc. 44). As Mackey did not properly serve Defendants Unknown Prison Officials before that date, their termination is proper and remains in effect.
[4] As relevant here, these individual defendants argued that Mackey had erroneously sued them rather than the United States under the FTCA, which is prohibited under the Westfall Act, 28 U.S.C. § 2679. (Doc. 19, at 3). The individual defendants have repeated this argument in each motion to dismiss for failure to state a claim filed since. (Doc. 40, at 4; Doc. 51, at 4).

19). In February 2023, the Court denied those motions and gave Mackey until May 20, 2023, to effect service. (Doc. 22). In its Order, the Court explicitly described the steps needed to properly effect service in this case. *Id.* At that time, the Court warned that failure to complete service as ordered would result in dismissal of the action. *Id.*

Mackey effected personal service on Defendants Ulmer and Knebel but continued to attempt to serve Defendants Ahmed, Kelley, and Schneider. (*See* Doc. 39). Mackey also served the United States Attorney in this District as required by Federal Rules of Civil Procedure 4(i)(1)(A) and 4(i)(3). In May 2023, Mackey again moved for an extension of time to serve process. (Doc. 35). Then, Defendants again sought dismissal for failure to prosecute and failure to state a claim. (Docs. 39, 40). In March 2024, the Court denied Defendants' motions to dismiss and gave Mackey a final deadline to complete service by May 10, 2024. (Doc. 44). While finding that Mackey failed to demonstrate good cause, the Court exercised its discretion and attempted to catalyze a resolution of this case on its merits rather than technicalities. *Id.* at 7-9.

After this window for service closed, Defendants Ahmed, Kelley, Knebel, Ulmer, and Schneider filed a Motion to Dismiss for Insufficient and Untimely Service of Process (Doc. 50) and a Motion to Dismiss for Failure to State a Claim (Doc. 51). In response, Mackey filed several notices to prove proper service. (Docs. 52, 53, 55). She also filed a response opposing the motion to dismiss for insufficient and untimely service of process (Doc. 56), to which Defendants replied (Doc. 57).

As for the Motion to Dismiss for Failure to State a Claim, Mackey did not respond but instead filed an Amended Complaint without leave to do so. (Doc. 58). The Amended

Complaint added the United States of America as a defendant and omitted Unknown Prison Officials. Defendants Ahmed, Kelley, Knebel, Schneider, and Ulmer filed a Motion to Dismiss Count 1 of the Proposed Amended Complaint (Doc. 62), to which Mackey responded. (Doc. 63). The United States filed a Motion to Dismiss for Failure to State a Claim or in the Alternative for Summary Judgment (Doc. 66), to which Mackey also responded (Doc. 72). The Court granted in part the motion to dismiss for insufficient and untimely service of process as to Defendant Schneider, struck Mackey's amended complaint, and denied as moot remaining Defendants' various motions to dismiss for failure to state a claim. (Doc. 74). Because the amended complaint was stricken, Defendant United States of America was terminated from the action as improperly added. *Id.* The Court further directed an expedited briefing schedule on the question of leave to amend Mackey's complaint. *Id.*

In accordance with that schedule, Mackey filed a Motion for Leave to File Amended Complaint (Doc. 75), to which Defendants Ahmed, Kelley, Ulmer, and Knebel filed a timely response (Doc. 76). The Proposed Amended Complaint (Doc. 75-1) is substantially the same as the stricken amended complaint for the purposes of deciding this motion. It consolidates Mackey's claims into two counts: a *Bivens* Eighth Amendment deliberate indifference claim against Defendants Ahmed, Kelley, Ulmer, and Knebel (Count One), and an FTCA claim for wrongful death against the United States. *Id.*

## LEGAL STANDARD

Rule 15(a)(2), which governs the amendment of pleadings when leave of the court is required, provides that courts "should freely give leave when justice so requires."

FED. R. CIV. P. 15(a)(2). And though courts have "broad discretion" to deny leave to amend "where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where amendment would be futile," *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022) (citing *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016)), the Seventh Circuit has recently stated that "[t]he law is clear that a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (first citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); and then citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015)). Instances where district courts should prohibit amendment "are the clear exception; the norm remains affording a plaintiff at least one opportunity to amend his complaint." *Id.* (citations omitted).

## DISCUSSION

The Court does not find, nor have the parties suggested, that Mackey's motion is the product of bad faith or dilatory motive.[5] Nor is an argument made that her proposed amendments would be futile. Though Defendants assert that she has repeatedly failed to cure the deficiencies in her complaint, Mackey's argument that this would be the first amendment of her complaint—and thus that she has not "repeatedly" failed to cure any deficiency—is well-taken. *See, e.g.*, *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052–53 (7th Cir. 2019) (holding that denial of leave for repeated failure to cure was not

---

[5] Defendants' response in opposition states that "[t]here is a pattern of seemingly dilatory conduct not addressed in the motion for leave to amend." (Doc. 76, at 3). The Court does not read this to be an argument that Mackey's motion is the product of a dilatory *motive*.

abuse of discretion where plaintiff had multiple previous amendments and citing to similar examples). She should thus be granted leave to amend her complaint unless it would result in undue prejudice.

As a threshold matter, the Court does not find that, in this case, the "delay itself may be considered prejudicial." (Doc. 76, at 6 (quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988))). Though effectuation of service took an abnormally long time, the delay was not so extreme that permitting Mackey to amend her complaint would place "any great hardship . . . on the justice system." *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184–85 (7th Cir. 1986) (finding no abuse of discretion in denial of leave to amend but expressing that the appellate court "[might] have come to a different conclusion" and "re-emphasiz[ing] that amendments should ordinarily be freely granted"). Though the Seventh Circuit has affirmed denials of leave to amend based on prejudice to the justice system caused by delay, *see, e.g.*, *Tamari*, 838 F.2d at 908–09, the Court does not find any such prejudice here.[6] Consequently, the sole question is whether permitting the amendment would prejudice Defendants.

Mackey argues that her proposed amended complaint, which consolidates her claims into two counts and adds the United States as a defendant, would have two primary effects: (1) clarifying the allegations underlying her *Bivens* deliberate indifference

---

[6] Defendants invoke *Tamari* to try to argue that the delay in this case is so extreme as to be inexcusable. (Doc. 76, at 3–4, 6). *Tamari*, however, concerned the denial of a motion to amend made six weeks before trial was scheduled (though it was later postponed) and *ten years* after the complaint was initially filed. 838 F.2d at 908. Though ultimately declining to find that the district court had abused its discretion, the Seventh Circuit indicated that it disagreed with the decision and that it was hard to see from its perspective how granting leave to amend would have "impair[ed] the public interest in the prompt resolution of legal disputes." *Id.* at 908–09. *Tamari*, therefore, stands only for the proposition that this Court *could* find a delay severe enough to justify a denial of leave to amend—not that this Court *must* do so.

claim against the individual defendants, and (2) replacing the individual defendants with the United States in her wrongful death claim under the FTCA. (Doc. 75, at 3–4). As to the *Bivens* claim, Mackey contends that the proposed amendment is not prejudicial because it does not materially alter the allegations against the individual defendants. *Id.* at 4. Defendants, for their part, do not appear to contest this claim,[7] instead focusing on (1) the prejudice to all defendants by the repeated delays in Mackey's prosecution of this case (Doc. 76, at 2–5), and (2) the prejudice to the United States by its addition as a defendant, *id.* at 5.[8]

Defendants' first argument is that the cumulative delay in this case has "implicated the statute of limitations" and "caused Defendants' and other witnesses' memories of the relevant events to fade," which has hindered their "ability to prepare their defense." *Id.* at 2–3. In essence, they complain that Mackey took too long to file her complaint, to effectuate service, and then to finally move to amend her complaint. *Id.*

Though the Court is sympathetic to Defendants' desire to get this case moving after so long, this argument fails to identify any "undue prejudice to [Defendants] *by virtue of allowance of the amendment*." *Foman*, 371 U.S. at 182 (emphasis added). If Mackey is denied leave to amend, the individual defendants will need to muster the same exact

---

[7] In fact, though Defendants oppose Mackey's motion in its entirety, their response focuses primarily on the delays throughout this litigation and on the potential prejudice to the United States if Mackey is permitted to add it as a defendant. It seems as though Defendants do not oppose the proposed amendments to Mackey's *Bivens* claim, except to the extent that they believe she has delayed to long to be entitled to amend her complaint at all. Because this Court concludes that the motion in its entirety should be granted, it need not reach the question of whether to permit Mackey to amend her *Bivens* claim but not the FTCA claim.

[8] The individual defendants acknowledge that they would not be prejudiced by their being removed from Mackey's claim under the FTCA.

evidence as they would if leave to amend is granted. In other words, to the extent that Defendants have been prejudiced, the prejudice has already occurred. Denying Mackey leave to amend would not turn back the clock or help Defendants' witnesses recover their memory—it would only preclude the United States from having to answer a FTCA claim. This is insufficient to constitute "undue prejudice."

Another problem with Defendants' first argument is that, despite its abnormally long procedural history, "this litigation has never progressed beyond the pleadings stage." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 n.1 (7th Cir. 2004) (drawing a distinction between cases where amendment is sought at the pleadings stage and those "where a plaintiff seeks to amend its complaint after the close of discovery or on the eve of trial"). Permitting Mackey to amend her complaint would not result in Defendants "be[ing] put to additional discovery, and thus prejudiced." *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993); *see also Sports Ctr., Inc. v. Brunswick Marine*, 63 F.3d 649, 652 (7th Cir. 1995) (no abuse of discretion in denying amendment sought one week before trial and which would have required reopening discovery). At this early stage, it is hard to justify denying Mackey even one opportunity to amend her complaint.

As to Defendants' second argument—that the United States would be prejudiced by its addition as a defendant—Mackey argues that the United States (through the Assistant United States Attorney, who entered her appearance on behalf of the individual defendants) was on actual notice of her FTCA claim by no later than April 1, 2022. (Doc. 75, at 3). Therefore, the United States would not be prejudiced if she amended her complaint, because it knew or should have known it was the proper defendant. *Id.* In

response, Defendants argue only that, but for Mackey's pleading error, the United States could have answered the complaint in 2022; instead, it has been prevented from answering at all. (Doc. 76, at 5). Defendants do not argue that any other special prejudice or surprise will result to the United States if Mackey is permitted to add it as a defendant.

The Court concludes that the delay in the United States's ability to answer Mackey's complaint does not justify a denial of leave to amend. Though perhaps it could have answered earlier, the United States has identified no other potential prejudice it faces from the fact of its late addition. In the absence of unfair surprise or any other identified disadvantage to the United States, Mackey's proposed amendment does not unduly prejudice it. *Cf. Clark v. Universal Builders, Inc.*, 501 F.2d 324, 339–40 (7th Cir. 1974) (denial of leave to amend was error where amendment would add "officers, directors, and shareholders of the closely held defendant corporations," as they had "constructive notice of the action and indeed were active participants since its inception").

For these reasons, the Motion for Leave to File an Amended Complaint (Doc. 75) is **GRANTED**. Plaintiff Mackey shall file the Amended Complaint *instanter*.

**IT IS SO ORDERED.**

DATED:   November 6, 2025

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**